# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **WESLEY MONROE #499102** | **CASE NO. 6:18-CV-00530 SEC P** |
| **VERSUS** | **UNASSIGNED DISTRICT JUDGE** |
| **DARREL VANNOY** | **MAGISTRATE JUDGE WHITEHURST** |

## MEMORANDUM ORDER

Pro se petitioner Wesley Monroe, a prisoner in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on April 17, 2018. Petitioner attacks his 2012 conviction for armed robbery and second degree kidnapping and the life sentence imposed thereon by the Fifteenth Judicial District Court, Lafayette Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

## Background

Wesley James Monroe, was charged with second degree kidnapping, a violation of La.R.S. 14:44.1, and armed robbery, a violation of La.R.S. 14:64, on April 5, 2011. On or about September 12, 2012, a jury found him guilty of both counts. The trial court sentenced him to forty years without benefit of probation, parole, or suspension of sentence on the second degree kidnapping conviction and

to ninety-nine years without benefit of probation, parole, or suspension of sentence on the armed robbery conviction. These sentences were vacated when petitioner was adjudicated a habitual offender. He was sentenced as a multiple offender to two concurrent life sentences at hard labor without benefit of parole, probation, or suspension of sentence.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), petitioner's appellate counsel filed a brief stating that he could find no errors on appeal that would support reversal of petitioner's adjudication or sentences. Thus, he sought to withdraw. On February 12, 2014, the Third Circuit affirmed petitioner's sentence and conviction. *State v. Monroe*, 2013-754 (La. App. 3 Cir. 2/12/14), 2014 WL 576251. Petitioner applied for writs of certiorari in the Louisiana Supreme Court, and on October 3, 2014, his writ application was denied. *State v. Monroe*, 2014-KO-0517 (La. 10/3/14), 149 So.3d 7949. He did not apply for certiorari in the United States Supreme Court. [Rec. Doc. 1, p.2, ¶9(h)]

Petitioner filed an application for post-conviction relief in the trial court on October 26, 2015, which was denied. According to the petition before this Court, the following issues were raised: (1) trial counsel was ineffective for failing to investigate/failing to use petitioner's phone records to show he was two miles away from the crime when it occurred and for failing to reiterate his motion to recuse the trial judge; (2) trial counsel was operating under a conflict of interest due to his

work with co-defendant's counsel to convince co-defendant to accept a plea plea; (3) insufficient evidence; (4) trial court abused its discretion in allowing the jury to view evidence in the jury room; and (5) the provision of the Louisiana Constitution allowing non-unanimous jury verdicts violates the Equal Protection Clause of the Fourteenth Amendment. He filed a writ application in the Third Circuit Court of Appeal, under Docket Number KH-16-0183, on an unknown date, which was denied on an unknown date. Finally, on an unknown date, he filed an application for supervisory and/or remedial writs in the Louisiana Supreme Court, which was denied on November 17, 2017. *State ex rel. Monroe v. State*, 16-KH-01615 (La. 11/17/17), 228 So.3d 1208. His subsequent Motion for Reconsideration was denied on February 9, 2018, not considered by the Louisiana Supreme Court. *State ex rel. Monroe v. State*, 16-KH-01615 (La. 2/9/18), 236 So.3d 1258.

Petitioner filed the instant petition on April 17, 2018, raising the following claims: (1) trial counsel was ineffective for failing to investigate/failing to use petitioner's phone records to show he was two miles away from the crime when it occurred and for failing to reiterate his motion to recuse the trial judge; (2) trial counsel was operating under a conflict of interest due to his work with co-defendant's counsel to convince co-defendant to accept a plea agreement; (3) insufficient evidence; (4) trial court abused its discretion in allowing the jury to view evidence in the jury room; and (5) the provision of the Louisiana Constitution

allowing non-unanimous jury verdicts violates the Equal Protection Clause of the Fourteenth Amendment.

## Amend Order

Before reaching the merits of a habeas claim, a preliminary review of the pleadings and exhibits is conducted in order to determine whether the petitioner has exhausted all available state remedies prior to filing his petition in federal court, whether the petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1), and/or whether any of the claims raised are subject to the procedural default doctrine.

Therefore,

**IT IS ORDERED THAT** petitioner amend his pleading within forty (40) days of this order and provide the following information and documents:

1. DATED copies of ALL post-conviction pleadings filed by petitioner in the Fifteenth Judicial District Court, the Third Circuit Court of Appeals, and the Louisiana Supreme Court; and

2. Copies of the Orders/Judgments/Reasons for Judgment of the Fifteenth Judicial District Court and the Third Circuit Court of Appeals, addressing petitioner's post-conviction claims.

In the event petitioner is unable to provide DATED COPIES he may prove the date of filing by other means, such as prison mail logs, etc.

THUS DONE in Chambers on this 7th day of May, 2018.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE