# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

**WESLEY MONROE #499102**     **CASE NO. 6:18-CV-00530 SEC P**

**VERSUS**     **UNASSIGNED DISTRICT JUDGE**

**DARREL VANNOY**     **MAGISTRATE JUDGE WHITEHURST**

## MEMORANDUM ORDER

Pro se petitioner Wesley Monroe, a prisoner in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on April 17, 2018. Petitioner attacks his 2012 conviction for armed robbery and second degree kidnapping and the life sentence imposed thereon by the Fifteenth Judicial District Court, Lafayette Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

## Background

Wesley James Monroe, was charged with second degree kidnapping, a violation of La.R.S. 14:44.1, and armed robbery, a violation of La.R.S. 14:64, on April 5, 2011. On or about September 12, 2012, a jury found him guilty of both counts. The trial court sentenced him to forty years without benefit of probation, parole, or suspension of sentence on the second degree kidnapping conviction and

to ninety-nine years without benefit of probation, parole, or suspension of sentence on the armed robbery conviction. These sentences were vacated when petitioner was adjudicated a habitual offender. He was sentenced as a multiple offender to two concurrent life sentences at hard labor without benefit of parole, probation, or suspension of sentence.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), petitioner's appellate counsel filed a brief stating that he could find no errors on appeal that would support reversal of petitioner's adjudication or sentences. Thus, he sought to withdraw. On February 12, 2014, the Third Circuit affirmed petitioner's sentence and conviction. *State v. Monroe*, 2013-754 (La. App. 3 Cir. 2/12/14), 2014 WL 576251. Petitioner applied for writs of certiorari in the Louisiana Supreme Court, and on October 3, 2014, his writ application was denied. *State v. Monroe*, 2014-KO-0517 (La. 10/3/14), 149 So.3d 7949. He did not apply for certiorari in the United States Supreme Court. [Rec. Doc. 1, p.2, ¶9(h)]

Petitioner filed an application for post-conviction relief in the trial court on October 26, 2015, which was denied. According to the petition before this Court, the following issues were raised: (1) trial counsel was ineffective for failing to investigate/failing to use petitioner's phone records to show he was two miles away from the crime when it occurred and for failing to reiterate his motion to recuse the trial judge; (2) trial counsel was operating under a conflict of interest due to his

2

work with co-defendant's counsel to convince co-defendant to accept a plea plea; (3) insufficient evidence; (4) trial court abused its discretion in allowing the jury to view evidence in the jury room; and (5) the provision of the Louisiana Constitution allowing non-unanimous jury verdicts violates the Equal Protection Clause of the Fourteenth Amendment. He filed a writ application in the Third Circuit Court of Appeal, under Docket Number KH-16-0183, on March 10, 2016 [Rec. Doc. 6-1, pp. 85-130], which was denied on an July 13, 2016 [Rec. Doc. 6-1, pp. 132-33]. On August 12, 2016, he filed an application for supervisory and/or remedial writs in the Louisiana Supreme Court, which was denied on November 17, 2017. *State ex rel. Monroe v. State*, 16-KH-01615 (La. 11/17/17), 228 So.3d 1208; *see also* Rec. Doc. 6-1, pp. 160-62. His subsequent Motion for Reconsideration was denied on February 9, 2018. *State ex rel. Monroe v. State*, 16-KH-01615 (La. 2/9/18), 236 So.3d 1258; *see also* Rec. Doc. 6-1, p. 184.

Petitioner filed the instant petition on April 17, 2018, raising the following claims: (1) trial counsel was ineffective for failing to investigate/failing to use petitioner's phone records to show he was two miles away from the crime when it occurred and for failing to reiterate his motion to recuse the trial judge; (2) trial counsel was operating under a conflict of interest due to his work with co-defendant's counsel to convince co-defendant to accept a plea agreement; (3) insufficient evidence; (4) trial court abused its discretion in allowing the jury to view

evidence in the jury room; and (5) the provision of the Louisiana Constitution allowing non-unanimous jury verdicts violates the Equal Protection Clause of the Fourteenth Amendment.

### Order

It appears that this petition is timely and that petitioner has exhausted available state court remedies prior to filing this suit with respect to each claim. In order to determine an appropriate resolution of this matter.

**THE CLERK IS DIRECTED** to prepare summons and serve a copy of

1. The petition for writ of habeas corpus filed in the Western District of Louisiana [Rec. Docs. 1] by **CERTIFIED MAIL** on:

(1) The Attorney General for the State of Louisiana, and,

(2) Warden, Louisiana State Penitentiary,

by REGULAR FIRST CLASS MAIL on:

(3) The District Attorney for the 15th Judicial District, Lafayette Parish, Louisiana, where petitioner was convicted and sentenced;

**IT IS ORDERED** that respondent, through the District Attorney, file within forty (40) days after the date of service of summons:

1. An answer to the petition.

(a) The answer shall state whether petitioner has exhausted state remedies, including any post-conviction remedies available to him under Louisiana law, by

properly presenting to the Supreme Court of Louisiana all issues raised in this petition. If respondent claims that petitioner has failed to exhaust his state remedies, respondent shall state whether petitioner has any available procedural vehicle by which he may present his claims to the state courts, and if not, respondent shall present applicable case law as to whether this court should reach the merits of the claims. If respondent contends that petitioner has procedurally defaulted on any ground presented in this petition, respondent should raise the defense of procedural default.

Respondent shall also address whether the claims presented herein are cognizable on federal habeas review, and if they are not cognizable, respondent shall present applicable case law as to why the claims are not properly before this court.

Respondent should also state whether petitioner demonstrates that any of the claims presented herein have been adjudicated in state court proceedings which resulted in: (1) a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. See, 28 U.S.C. § 2254(d) as amended by § 104(d) of the AEDPA.

Respondent should also state whether petitioner has rebutted by clear and convincing evidence any factual determination made by a state court and which is

presumed to be correct in this proceeding. See, 28 U.S.C. § 2254(e)(1), as amended by §104(e) of the AEDPA.

(b) In the event the State contends that it has been prejudiced in its ability to respond by petitioner's delay in filing or that the petition is a second or successive petition under 28 U.S.C. § 2254, the State shall set forth such contentions with particularity.

(c) Respondent is further ordered to specifically address whether the filing deadlines contained in 28 U.S.C. § 2244(d)(1), (as amended by Section 101 of AEDPA), are applicable to this proceeding and bar review of petitioner's claims.

2. A memorandum brief of law in support of all issues raised in the answer, citing relevant Fifth Circuit authority and referring to the pertinent page numbers in the state court record in support of the answer. A COPY OF THE BRIEF FILED IN STATE COURT WILL NOT BE DEEMED SUFFICIENT IN THIS PROCEEDING.

3. A certified copy of the state court record, including transcripts of all proceedings held in the state courts;

4. A certified copy of all documents, including all briefs or memoranda of any party, filed in connection with any appeal, application for post-conviction relief, or writ application presented to any and all state, district courts, appellate courts or the Louisiana Supreme Court; and

5. Certified copies of, or citations to, all state court dispositions, including the Louisiana Supreme Court decision pertaining to the conviction under attack.

The pages of the records shall be arranged in chronological sequence, securely bound together and numbered consecutively (handwritten numbers are acceptable). An index describing each item of the records sent and showing each item's page number shall also be attached.

**A PAPER COURTESY COPY OF THE ENTIRE STATE COURT RECORD ELECTRONICALLY FILED INTO THE RECORD BY THE STATE SHALL BE DELIVERED TO CHAMBERS OF MAGISTRATE JUDGE CAROL B. WHITEHURST COMMENSURATE WITH FILING**.

In the event the District Attorney is unable to produce any of the above documents, he shall advise this court in writing why he is unable to produce them.

**IT FURTHER IS ORDERED** that petitioner is allowed twenty (20) days following the filing of each respondent's memorandum in which to file any response he wishes to present to this court.

After the record is complete and all legal delays have run, the court will determine the necessity of an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will issue without further notice.

**IT FURTHER IS ORDERED** that, as a condition to their acceptance by the Clerk, all future filings by petitioner or respondent shall include a certificate indicating that a copy thereof has been furnished to the other parties.

THUS DONE in Chambers on this 26th day of July, 2018.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE