UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**WESLEY MONROE #499102**         CASE NO. 6:18-CV-00530 SEC P

**VERSUS**                        JUDGE ROBERT R. SUMMERHAYS

**DARREL VANNOY**                 MAGISTRATE JUDGE WHITEHURST

## RULING

Before the Court is a Petition for Writ of Habeas Corpus, filed by Wesley Monroe pursuant to 28 U.S.C. § 2254. The Magistrate Judge has issued a Report and Recommendation [Doc. No. 21], whereby she recommends the petition be denied and dismissed with prejudice. Petitioner has filed several objections to the Report and Recommendation, and the Court issues this Ruling to address Objection Four. [*See* Doc. No. 22 at 9].

By objection four, Petitioner objects that the Magistrate Judge erred in finding that the trial court did not abuse its discretion in allowing the jury to view evidence in the jury room. Louisiana procedural law provides that generally, the jury is not to have access to written evidence. La. Code Crim. P. art. 793(A). "The parties may agree to waive the statutory provision of LSA-C.Cr.P. art. 793; however, such an agreement must be in clear express language and must be reflected in the record."[1] *State v. Rodriguez*, 703 So.2d 803, 805 n.1 (La. App. 5 Cir. 1997). Reading Petitioner's objection liberally, he argues the trial court's violation of Article 793 deprived him of due process. "Petitioner does not, however, point to any clearly established Supreme Court precedent that bars jurors in criminal trials from viewing written evidence, as Section 2254(d) requires for relief on

---

[1] In this matter, the minutes and record show that the State and Defense agreed to submit this evidence for jury review, and a clear and express waiver of the statutory protections of La. Code Cr. P. art. 793(A) is reflected in the record. [Doc. No. 20-5 at 51-52].

such a claim." *Sharp v. Warden, Louisiana State Penitentiary*, 2011 WL 4551166, at *11 (W.D.La. Mar. 14, 2012), adopted, 2011 WL 4550938 (W.D.La. Sept. 29, 2011). As the Supreme Court has stated many times, "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). The Court finds Petitioner's remaining objections are without merit.

THUS DONE in Chambers on this 15th day of July, 2019.

**ROBERT R. SUMMERHAYS**
**UNITED STATES DISTRICT JUDGE**